

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2014

# In Re: Derrick Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 14-1181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"In Re: Derrick Johnson" (2014). *2014 Decisions.* Paper 504.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/504

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-251                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1181
_____

IN RE:  DERRICK JOHNSON,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3-13-cv-02184)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 8, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 15, 2014)
_____

OPINION
_____

PER CURIAM

        Derrick Johnson, proceeding pro se, seeks a writ of mandamus directing the

United States District Court for the Middle District of Pennsylvania to rule on a motion to

compel discovery and motions for reconsideration.  For the reasons that follow, we will

deny the mandamus petition.

        In 2007, Johnson was convicted of bank robbery in the United States District

Court for the Northern District of Texas.  He was sentenced to 115 months of

imprisonment. Thereafter, Johnson unsuccessfully sought relief under 28 U.S.C. § 2255 and through applications to file successive § 2255 motions.

In August 2013, Johnson filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, where he is currently incarcerated. By order entered September 24, 2013, the District Court dismissed the petition for lack of jurisdiction, concluding that § 2255 was not inadequate or ineffective to test his ineffective assistance of counsel claims. Over the next three months, Johnson filed several motions in the District Court, including a motion to compel discovery and motions for reconsideration under Federal Rule of Civil Procedure 59(e).

While those motions were pending, Johnson filed the present mandamus petition in this Court, seeking "to mandate the legal disposition of his motion[s] under Rule 59(e) and the motion to compel." By order entered April 15, 2014, the District Court denied Johnson's outstanding motions. Accordingly, we will deny the mandamus petition as moot.